UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA REVEN, and ANTOINETTE ARGENTINE, individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br>  v.<br><br>THE CIGNA GROUP 401(K) PLAN RETIREMENT PLAN COMMITTEE,<br><br>        *Defendant*. | **CIVIL ACTION NO.:**<br>2:25-2465-JMY |
| SEAN HICKS, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br>  v.<br><br>THE CIGNA GROUP, THE CIGNA GROUP RETIREMENT PLAN COMMITTEE, DIANE LASTINEC, JILL VASLOW, and JOHN DOES 1-30,<br><br>        *Defendants*. | **CIVIL ACTON NO.:**<br>2:25-cv-02560-JMY |
| ANDRIA ADAMS, HEATHER MONTESANTI and DANIELLE ULSHAFER, individually, on behalf of The Cigna Group 401(k) Savings Plan and on behalf of all similarly situated participants and beneficiaries of the Plan,<br><br>        *Plaintiffs*,<br>  v.<br><br>THE CIGNA GROUP; THE CIGNA GROUP RETIREMENT PLAN COMMITTEE; and JOHN AND JANE DOES 1-30<br>        *Defendants*. | **CIVIL ACTON NO.:**<br>2:25-cv-02979-JMY |

1

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF PRETRIAL ORDER NO. 1 CONSOLIDATING CASES, APPOINTING INTERIM CLASS COUNSEL, AND ESTABLISHING PROCEDURES FOR CONSOLIDATION OF FUTURE-FILED CASES**

Upon consideration of Plaintiffs Amanda Reven, Antoinette Argentine, Sean Hicks, Andria Adams, Heather Montesanti, and Danielle Ulshafer's ("Plaintiffs") motion for entry of an order consolidating the above-captioned actions (the "ERISA Actions"), and appointing the law firms of Capozzi Adler, P.C. ("Capozzi") and Muhic Law LLC ("Muhic") as Interim Co-Lead Class Counsel, the Court hereby ORDERS as follows:

**I. CONSOLIDATION OF ERISA ACTIONS AND SUBSEQUENT OR TRANSFERRED ACTIONS**

1. The following actions are hereby consolidated pursuant to FED. R. CIV. P. 42(a) for all purposes:

   a. *Reven v. the Cigna Group 401(K) Plan Retirement Plan Committee*, No. 2:25-cv-02465 (E.D. Pa.);

   b. *Hicks v. The Cigna Group*, No. 2:25-cv-02560 (E.D. Pa.); and

   c. *Adams v. The Cigna Group*, No. 2:25-cv-02979 (E.D. Pa.).

Based on the Court's review of the complaints in the above-captioned ERISA Actions, these actions involve common questions of law and fact, and consolidating these actions will avoid unnecessary waste of judicial resources and additional cost and delay to the parties.

2. The caption of the consolidated action shall be "*In re Cigna ERISA Litigation*" and the files of the consolidated action shall be maintained in one file under Master File No. 2:25-cv-02465 (E.D. Pa.) (the "Consolidated Action"). Any other actions now pending or later filed in this District which arise out of or are related to the same facts as alleged in the Consolidated Action shall, until further order of this Court, be consolidated pursuant to FED. R. CIV. P. 42(a) for all purposes with and into the Consolidated Action, if and when they are brought to the Court's

attention.

3. All pleadings filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| IN RE CIGNA ERISA LITIGATION | MASTER FILE NO. 2:25-cv-02465 |
|---|---|
| THIS DOCUMENT RELATES TO: | |

4. When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

**II.     APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

5. Pursuant to FED. R. CIV. P. 23(g)(3), Capozzi and Muhic are appointed as Interim Co-Lead Counsel for the Consolidated Action. In appointing these firms, the Court finds that Interim Co-Lead Class Counsel will fairly and adequately represent the interests of the proposed class because: (i) they have ample experience in successfully handling class action litigation in general and ERISA class actions in particular; (ii) they have knowledge of the applicable law; and (iii) they will devote substantial resources to the representation of the proposed class.

6. Interim Co-Lead Class Counsel shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action:

    a. Initiating, responding to, scheduling, briefing and arguing of all motions;

    b. Determining the scope, order, and conduct of all discovery proceedings;

    c. Assigning such work assignments to other counsel as they may deem appropriate;

    d. Retaining experts;

    e. Designating which attorneys my appear at hearings and conferences with the Court;

    f. Conducting settlement negotiations with Defendants; and

    g. All other matters concerning the prosecution or resolution of the ERISA Actions.

7. Interim Co-Lead Class Counsel shall also have authority to communicate with counsel for Defendants and the Court on behalf of all plaintiffs and the proposed Class. Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding.

8. Lynch Carpenter, LLP ("Lynch Carpenter"), The Sharman Law Firm LLC ("Sharman"), and Ahdoot & Wolfson, PC ("AW") are appointed as Interim Class Counsel Executive Committee to assist Co-Lead Class Counsel as necessary.

### III. PRELIMINARY SCHEDULE OF PROCEEDINGS

9. All pending deadlines in the pending ERISA Actions are hereby vacated. Aside from the deadlines indicated below, the Court will set any new case management deadlines in the Consolidated Action by separate order.

10. Plaintiffs shall file a consolidated complaint (the "Consolidated Complaint") within forty-five (45) days after entry of this Order.

11. Defendants are not required to respond to the existing complaints, but rather shall answer, move, or otherwise respond to the Consolidated Complaint within forty-five (45) days after its filing.

12. Plaintiffs shall have forty-five (45) days to oppose any dispositive motion(s) Defendants direct at the Consolidated Complaint, or to file an Amended Consolidated Complaint in response to Defendants' motion.

13. Defendants shall have thirty (30) days to file and serve a reply to Plaintiffs' opposition or to file a new answer, motion, or response to Plaintiffs' Amended Consolidated Complaint.

14. Pending a ruling on the anticipated motion to dismiss the Amended Consolidated Complaint, all discovery shall be stayed in order to ensure the efficient and cost-effective management of the litigation.

**IT IS SO ORDERED**

Dated this 13th day of August, 2025.

   /s/ John Milton Younge
Honorable John Milton Younge
United States District Judge